UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIAM JEFFERY WHITMORE,

            Petitioner,                    Case No. 1:19-cv-785

v.                                              Honorable Paul L. Maloney

DEWAYNE BURTON,

            Respondent.
_____/

## SECOND ORDER TO FILE AMENDED PETITION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. As noted previously by the Court, all applications for habeas corpus relief must be submitted on the form petition provided by this Court. *See* Rule 2(d), Rules Governing § 2254 Cases; W.D. Mich. LCivR 5.6(a). On November 4, 2019, Petitioner was ordered to file his petition on the requisite form within 28 days (ECF No. 5). Petitioner has failed to comply with this order. Currently before the Court is Petitioner's motion entitled "writ of error" (ECF No. 6).

In Petitioner's "writ of error," he asserts that he should not be required to file a petition on the form because he is seeking a "common law writ of habeas corpus," which is not subject to 28 U.S.C. § 2254. Petitioner is incorrect. A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All such applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254.

If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254." *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). *But see McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (allowing state prisoners to proceed under § 2241 when attacking the execution of their sentences, in contrast to § 2254 (like § 2255), which are used to attack the validity of a conviction and sentence), *cited in Medberry*, 2003 WL 22784246, at * 11 n.8. As the Sixth Circuit observed in *Greene v. Tenn. Dep't of Corr.,* 265 F.3d 369, 371 (6th Cir. 2001), § 2254 is the correct vehicle for contesting loss of good time credit in prison disciplinary proceedings. *Id.* (citing cases). The procedural requirements applicable under § 2254 also apply to petitions brought pursuant to § 2241. *Id.*

Petitioner is currently incarcerated pursuant to state court convictions for assaulting a police officer, carrying a concealed weapon, and felony firearm. http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=324694. Therefore, Petitioner's application for habeas corpus relief is subject to § 2254.

If Petitioner wishes to proceed with his action, he must carefully fill out the form and submit it to the Court. The Court directs the Clerk to send to Petitioner a copy of the form petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Petitioner shall submit an amended petition by filing his habeas petition on the requisite form within 28 days from the date of entry of this order. The case number shown above must appear on the front page of the amended petition. Petitioner must file an original and one complete copy of the amended petition and any new attachments. Petitioner need not re-submit supporting materials filed with the original petition. Because the amended petition will take the place of the original petition, the amended petition must set forth all of the grounds for relief that Petitioner intends to raise.

Petitioner's motion entitled "writ of error" (ECF No. 6) is denied.

If Petitioner fails to submit an amended petition in proper form within the time allowed, the petition may be dismissed without prejudice by the Court.

**IT IS SO ORDERED.**

Dated:  December 20, 2019                /s/ Ray Kent
                                          Ray Kent
                                          United States Magistrate Judge